UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

JALEESA JOHNSON,                                  :
                                                  :
    Plaintiff(s),                                 :
v.                                                :    Case No.
                                                  :    Jury Trial Demanded

EQUIFAX INFORMATION SERVICES LLC,

    Defendant(s).
_____/

# COMPLAINT

The Plaintiff, Jaleesa Johnson ("Plaintiff"), by and through her attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

## Nature of Action

Plaintiff brings this action against the Defendant, seeking damages and equitable relief, to redress Defendant Equifax Information Systems, LLC's systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA").

## Parties

1. Plaintiff Jaleesa Johnson ("Plaintiff") is a citizen of Michigan residing in Grand Rapids, Michigan.

2. Defendant Equifax Information Services LLC ("Equifax") is an Atlanta, Georgia-based foreign limited liability company and credit information provider whose registered agent is provided as CSC- Lawyers Incorporating Service and whose registered office is located at 601 Abbot Road in East Lansing, Michigan 48823. The Defendant is a FCRA-governed "consumer reporting agency" that selectively decides which

information to provide to consumers that request the FCRA-governed information in its' possession and which information it will hide from consumers.

## Jurisdiction and Venue

3. This Court has jurisdiction under 15 U.S.C. § 1681p. Venue in this jurisdiction is proper because the Defendants transact business here and the pertinent events took place here. Furthermore, this action encompasses Federal jurisdiction relating to the Federal law claims under 28 U.S.C. § 1367.

## Factual Background

4. On September 21, 2016, the Plaintiff filed a Chapter 7 bankruptcy case in the Eastern District of Michigan, case number 16-04844-jwb (*see Exhibit A*). At the time of the Plaintiff's bankruptcy filing, creditor Credit Acceptance was included on the Plaintiff's filed Schedules (*see Exhibit B*), and as a result that creditor received actual notice of the Plaintiff's bankruptcy filing by mail around that time.

5. The Plaintiff's Chapter 7 bankruptcy case was ultimately discharged on January 24, 2017 (*see Exhibit C*). A notice of the Plaintiff's bankruptcy discharge was subsequently mailed to all of the Plaintiff's creditors who had been included on the Plaintiff's filed creditor matrix.

6. After obtaining a copy of her credit report supplied by the Defendant dated January 31, 2017 (*see Exhibit D*) and discovering that (A) the above-referenced discharged account through Credit Acceptance continued to report an account balance of $8,268.00 without any corresponding notation regarding its' discharged status and (B) an additional account through Receivables Performance Mgt was being reported as past due in the amount of $531.00 despite it having been equally subject to a Title 11 section 524

discharge as pre-filing debt, the Plaintiff drafted and mailed a dispute to Defendant Equifax outlining the foregoing issues on or around February 27, 2017 (*see Exhibit E*).

7. Upon information and belief that dispute was received by Equifax via certified mail on March 3, 2017 (*see Exhibit F*).

8. In addition, to confirm parallel disputes regarding the same misreporting involving Credit Acceptance were drafted and forwarded to credit report providers Experian and Trans Union LLC on or around the same date as the dispute sent to Equifax, with both Experian and Trans Union subsequently responding within the allotted time frame and otherwise correctly removing the disputed false information regarding the Credit Acceptance account at issue.

9. On or around April 28, 2017, after no response having been received within the required thirty day period, the Plaintiff contacted a representative of the Defendant by phone to request a status update on her dispute, with the representative stating "it was taken care of" and otherwise providing no further guidance on when or if a response to her dispute could be expected.

10. Despite the clear dictate of 15 U.S.C. § 1681i requiring a response by Equifax within thirty (30) days of receipt of this dispute, no response has been forthcoming as of the present date.

11. Aside from the clear and obvious violation of 15 U.S.C. § 1681i committed by Equifax due to its' failure to respond, it remains nonetheless the case that upon information and belief the misreported items cited by the Plaintiff remain unchanged and incorrect as a result to this day.

12. The wrongful suggestion of past due amounts or existing balances on accounts

previously discharged pursuant to 11 U.S.C § 524, in addition to the complete lack of notice of bankruptcy specific to other discharged accounts (Credit Acceptance specifically) suggested to any entity reviewing the credit report (e.g., for credit-granting purposes) that those debts remained due and the payments on a discharged account had not been paid timely.

13. By Equifax reporting this information specific to accounts which no longer legally existed frustrated the ability of Ms. Johnson to receive a fresh start via bankruptcy discharge. The Supreme Court has ruled such was intended to give "to the honest but unfortunate debtor… a new opportunity in life and a clear field for future effort unhampered by the pressure and discouragement of preexisting debt." *Local Loan Co v. Hunt* 292 U.S 234, 244 (1934).

14. Equifax maintained the inaccurate information in the Plaintiff's consumer file as a result of the verification from the source of the inaccurate information, and their own failure to conduct a proper, reasonable reinvestigation of the inaccurate information.

15. As a result of the negative and inaccurate credit reporting, the Plaintiff's credit score continues to be adversely affected, and the Plaintiff's credit reputation was and continues to be wrongfully damaged.

16. "The duty to correct an incomplete or inaccurate report equally extends to the discovery of both inaccurate or incomplete consumer information and to the discovery of consumer information that is materially misleading." *Boggio v. USAA Fed. Saving Bank*, 696 F.3d 611, 614 (6th Cir. 2012).

17. Consumer reporting agencies pursuant to Section 1681e(b) of the Fair Credit Reporting Act are required to "follow reasonable procedures to assure maximum possible

accuracy when preparing a consumer report." *Nelski v. Trans Union, LLC*, 86 F.App'x 840, 844 (6th Cir. 2004). Under this section, "liability flows only from a 'failure to follow (1) reasonable procedures (2) to assume maximum possible accuracy of the information (3) concerning the individual about whom the information relates. *Id* at 844. The reasonableness standard is "what a reasonably prudent person would do under the circumstances." *Id* at 844.

18. The Sixth Circuit has established that the elements necessary to assert a claim under 1681e(b) involve a Plaintiff proving (1) the Defendants each separately reported inaccurate information about the Plaintiff; (2) the Defendants either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the Plaintiff; (3) the Plaintiff was injured; and (4) the Defendants' conduct was the proximate cause of the Plaintiff's injury. *Nelski* at 844.

19. A credit report is "inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Poore v. Sterling Testing Systems, Inc.,* 410 F.Supp.2d 557 (E.D.Ky. 2006) See also *Dickens v. Trans Union Corp.*, 18 F.App'x 315, 318 (6th Circ. 2001).

20. An FCRA violation occurs when CRAs such as Equifax provide information that creates a "materially misleading impression," that omits material to create "incomplete or inaccurate" information, or even when a furnisher fails to identify that a consumer has disputed his information, when the dispute is a bona fide one that "could materially alter how the reported debt is understood." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012).

21. The Plaintiff seeks equitable damages, including correction of the subject

trade line from the Plaintiff's credit report, along with monetary damages, both actual, punitive, and statutory due to the failure of the Defendants to properly modify the account information at issue, in whatever amount a jury finds Defendants liable, plus attorney fees, litigation costs, and court costs.

### COUNT I- VIOLATION OF THE FAIR CREDIT REPORTING ACT ACT BY DEFENDANT EQUIFAX INFORMATION SERVICES LLC

22. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

23. The Plaintiff prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced a consumer report regarding the Plaintiff as defined under 15 U.S.C. §1681a.

24. The referenced report contained information about the Plaintiff that was false, misleading, and inaccurate.

25. By failing and/or refusing to properly investigate the Plaintiff's dispute, and/or subsequently altering the Plaintiff's credit report to reflect incorrect information or otherwise not making the required corrections, Equifax willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

26. In the alternative, Equifax negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. §

1681e(b).

27. After receiving the Plaintiff's consumer dispute, Equifax willfully failed to conduct a *reasonable* investigation thereof as required by 15 U.S.C. § 1681i, such verified by the fact that Equifax failed to properly update the account information at issue, and more specifically by the fact that no response was forthcoming from the Defendant within the required thirty days from receipt of the Plaintiff's dispute.

28. In the alternative, Equifax negligently failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i for the foregoing reasons.

29. In this instance, it is clear and obvious that Equifax (1) reported inaccurate information about the referenced accounts of the Plaintiff, (2) the Defendant either negligently or willfully failed to provide a response to the Plaintiff's dispute within the allotted time period, (3) the Defendant either negligently or willfully failed to modify that account information and/or modified it following the Plaintiff's dispute in such a way as to only enhance the previous misreporting of the account, (4) the Plaintiff is now being injured by reporting on the account which misidentifies it, and (5) but for the Defendants' conduct, that injury would not have occurred.  As a result, the Defendants are clearly in violation of § 1681e(b)

30. There is simply no doubt in this instance that the information currently being furnished by Equifax creates a materially misleading impression regarding the accounts at issue.

31. As a direct and proximate cause of Equifax's failure to perform their required duties under the FCRA, the Plaintiff has suffered actual damages, including potential denial of credit, reduced opportunity for credit, increased costs, interest, and fees for

credit, along with emotional distress, humiliation, and embarrassment.

32. False information was and continues to be furnished by the Defendant.

33. Upon reinvestigation, Equifax reported erroneous credit information and consciously avoided knowing that the credit information was inaccurate in violation of the FCRA, 15 U.S.C. §1681s2(b).

34. Equifax is liable to the Plaintiff by reason of their violations of the FCRA in an amount to be determined by a jury together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

## COUNT II- DEFAMATION

35. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

36. Equifax caused to be published one or more written false statements which were intended to impeach the Plaintiff's honesty, integrity, credit worthiness, and/or reputation.

37. The Plaintiff is not a public figure.

38. The statements by Equifax to the public represent a slur on the Plaintiff's character by each, including her honesty, integrity, virtue, or reputation, as well as her credit worthiness.

39. The defamatory statements resulted in damages to the Plaintiff.

## DEMAND FOR JUDGMENT AND RELIEF

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

8

(A)     Statutory and actual damages in an amount to be determined by the Court.

(B)     Deletion or correction of any and all accounts being wrongfully reported by the Defendant.

(C)     Statutory costs and attorney fees under the FCRA.

(D)     Injunctive relief, including but not limited to correction of the account.

(E)     Compensatory and/or punitive damages.

(F)     Any other relief which the Court deems appropriate.

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED,
LAW OFFICES OF NICHOLAS A. REYNA

Date:  October 5, 2017            /s/ Nicholas A. Reyna
                                  Nicholas A. Reyna (P68328)
                                  Attorney for Plaintiff
                                  17344 W. 12 Mile Rd., Ste. 106
                                  Southfield, MI 48076
                                  (248) 423-1110
                                  Nickreyna7@hotmail.com